SUHRHEINRICH, J.,
concurring:
I cannot agree that the evidence relating to the assault on Christmas Day 2003 was properly admitted under Rule 404(b). This incident, which occurred one and a half years prior to the crime at issue, is only relevant to establish Colon’s allegedly violent character to prove action in conformity therewith at the time of the incident, ie., that Colon must have been the aggressor during the struggle with Morales. Colon’s conduct in the Christmas Day assault was not probative of his intent or motive to possess a firearm during the struggle with Morales on June 5, 2005. Indeed, the majority does not explain how the December 2003 incident established intent or motive, but simply repeats the language of the Rule. In reality, the December 2003 incident simply shows that Colon has a violent character and that he frequently beat Morales and Hughes.
Notwithstanding, I concur because the error was harmless. See United States v. Thomas, 49 F.3d 253, 259 (6th Cir.1995). The record supports Colon’s conviction under 18 U.S.C. § 922(g)(1) given Colon’s stipulation to his felon status, Colon’s own statement to Officer Cook that he had a gun that he had wrestled away from Morales, the testimony of the responding officers Gulas and Cortes that Morales had a gun on his person, Officer Gulas’s testimony that Morales appeared to be trying to escape from Colon and that Colon gave no indication at the time that he was acting in self defense, and Agent Hopkins’ undisputed testimony and ammunition were manufactured outside Ohio. Thus, any error in admitting evidence of Colon’s prior acts of violence was harmless.